FILED
CLERK, U.S. DISTRICT COURT

JUN 2 8 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

___ Priority
_X_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

DOCKETED ON CM

JUN 29 2006

BY _____ 021

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHECKMATE STRATEGIC GROUP, INC., a Florida corporation individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>YAHOO!, INC., a Delaware corporation and DOES 1 THROUGH 100, Inclusive,<br><br>Defendants. | CASE NO.: 2:05-CV-04588-CAS-FMO<br><br>HON. CHRISTINA A. SNYDER<br><br>[PROPOSED] FINDINGS AND ORDER PRELIMINARILY APPROVING SETTLEMENT OF CLASS ACTION AND DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS<br><br>Hearing<br>Date:     June 28, 2006<br>Time:     1:00 p.m.<br>Before:   Hon. Christina A. Snyder |

The Motion for Preliminary Approval of Class Action Settlement (the "Motion") came before the Court on June 28, 2006. Having considered the Motion, the Stipulation and Settlement Agreement, including the Exhibits attached thereto (collectively, the "Agreement"), and all other matters submitted concerning the Motion, the Court hereby preliminarily finds as follows:

1. On June 23, 2005, the initial complaint in this action was filed. The action is entitled *Checkmate Strategic Group, Inc. v. Yahoo!, Inc.*, United States

District Court for the Central District of California, Western Division, Case No. CV 05-4588 CAS (FMOx) (the "Action").

2. In the Action, Checkmate Strategic Group, Inc. ("Plaintiff") alleges that Yahoo!, Inc. ("Yahoo!") (as defined in the Agreement) breached its contracts with Class Members (as defined in the Agreement) for Yahoo! Ads (as defined in the Agreement) and committed unfair business practices under California Business & Professions Code § 17200 et seq., including improperly collecting revenue by charging and/or overcharging Class Members for clicks that were click fraud, click through fraud, fraudulent clicks, click spam, invalid clicks, unwanted clicks, unqualified clicks, improper clicks, non-converting clicks, inadequately converting clicks, clicks that were not reasonably expected by Class Members or otherwise claimed by Class Members as clicks for which Class Members should not have been charged, and improperly collecting revenue by charging and/or overcharging Class Members for clicks where users did not actively choose the Class Members' listings

3. Yahoo! contends that all monies it received for Yahoo! Ads were properly and legally charged and collected by Yahoo! Yahoo! further contends that it did not and has not breached -- willingly or unwillingly -- any contract between it and any Class Members or between it and any Class Persons (as defined in the Agreement). Yahoo! further contends that it has not committed unfair trade practices, including without limitation, based on any misrepresentations to any Class Members or Class Persons. Yahoo! has denied and continues to deny each of the claims and contentions alleged in the Action. Yahoo! denies any wrongdoing or legal liability arising out of any facts or conduct alleged in the Action, and believes that it has valid defenses to the Class claims.

4. Yahoo!, despite its belief that its click protection system has filtered clicks in a total amount which exceeds a reasonable estimate with respect to the

Kabateck Brown & Kellner LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071
(213) 217-5000
FAX (213) 217-5010

quantity of clicks which are Challenged Clicks (as defined in the Agreement), that its actions have been proper, that it is not liable for the claims asserted and that it has valid and legal defenses to those claims, has nevertheless agreed to enter into the Agreement to resolve this dispute.

5. After conducting a significant investigation into the facts and law, including reviewing extensive information, interviewing and retaining experts, interviewing witnesses and engaging in extensive settlement discussions with Yahoo!, supervised by the Honorable Gary L. Taylor U.S.D.J. (Ret.), the Class Representative and Class Counsel (as defined in the Agreement) have concluded that a settlement according to the terms and conditions set forth in the Agreement is adequate and reasonable, and in the best interest of the Class Representative and the Class (as defined in the Agreement).

6. This Court has jurisdiction over the subject matter herein and personal jurisdiction over Plaintiff and Yahoo!. Pending resolution of the settlement proceedings, this Court hereby asserts jurisdiction over all Class Persons as defined in Paragraph 12 of this Order for purposes of effecting this settlement and releasing and barring litigation of their claims against Yahoo!.

7. The proposed settlement embodied in the Agreement appears to have been negotiated at arm's-length and is preliminarily determined to be fair, reasonable, adequate, and in the best interest of the Class for settlement purposes. The proposed settlement was negotiated over the course of numerous mediation sessions.

8. The proposed settlement embodied in the Agreement is sufficient to warrant: (a) notice thereof to the members of the Class and (b) a full hearing on the settlement.

9. The Class Notice set forth in Paragraph 15 below complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process,

1 constitutes the best notice practicable under the circumstances, and is due and
2 sufficient notice to all Class Persons entitled to notice of the proposed settlement of
3 the Action.

4     10.    Preliminary Approval of Settlement. The settlement as set forth in the
5 Agreement is preliminarily approved as in the best interest of the Class, but is not
6 to be deemed an admission of liability or fault by Yahoo! or by any other Person,
7 or a finding of the validity of any claims asserted in this litigation, or of any
8 wrongdoing or of any violation of law by Yahoo!. The proposed settlement is not
9 a concession and shall not be used as an admission of any fault or omission by
10 Yahoo! or any other Person or entity. Further, the proposed settlement is not a
11 concession and shall not be used as an admission of any a lack of merit in the
12 claims by Plaintiff or any Class Member. Neither the terms of the settlement nor
13 any related document shall be offered or received as evidence in any civil,
14 criminal, or administrative action or proceeding, other than such proceedings
15 which may be necessary to consummate or enforce the terms of the Agreement,
16 except that Yahoo! may file this Order in any action that may be brought against it
17 in order to support a defense or counterclaim based on principles or *res judicata*,
18 collateral estoppel, release, good faith settlement, judgment bar or reduction or any
19 other theory of claim preclusion or issue preclusion or similar defense or
20 counterclaim.

21     11.    Stay. It is hereby ordered that all proceedings in the Action shall be
22 stayed, except such actions as may be necessary to implement the Agreement and
23 this Order, pending further proceedings in connection with the effectuation of the
24 proposed settlement.

25     12.    Preliminary Certification of the Class. The following class (the
26 "Class" or "Class Persons") is conditionally certified for settlement purposes only:
27 all Persons (as defined in the Agreement), together with any officer, employee,
28

independent contractor, principal or agent of same, who purchased Yahoo! Ads (as defined in the Agreement) from January 1, 1998 through July 31, 2006, regardless of where the advertisement was displayed.

13. <u>Designation of Class Counsel</u>. The following law firms are appointed jointly as Class Counsel: (i) Kabateck Brown Kellner LLP, (ii) Chitwood Harley Harnes LLP, and (iii) Law Offices Of Shawn Khorrami.

14. <u>Final Approval Hearing</u>. A final approval hearing (the "Final Approval Hearing") will be held on <u>November 20, 2006 at 10:00 a.m.</u>, before this Court, in Courtroom 5 of the United States District Court, located at 312 N. Spring Street, Los Angeles California 90012, to determine: (1) whether the Class shall be certified as a class for settlement purposes; (2) whether the proposed settlement, as set forth in the Agreement on file with the Court, should be approved as fair, reasonable, adequate and in the best interests of Class Members; (3) whether a final order and judgment should be entered approving the Agreement, dismissing the Action with prejudice and on the merits; (4) whether Class Members should be bound by the releases set forth in the Agreement; (5) whether Class Members should be subject to a permanent injunction which, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating as class members in, any lawsuits in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances related thereto, in this Action and/or the Released Claims (as defined in the Agreement), including without limitation, the Lane's Gifts Action (as defined in the Agreement); and (6) whether the Court should approve the application of Class Counsel for payment of attorneys' fees, costs and expenses.

15. <u>Notice</u>. The Claims Administrator (as defined in the agreement) appointed by the Court shall be responsible for preparing and sending via both U.S. mail and electronic mail ("email") the Notice of Pendency of Class Action,

— 5 —

Proposed Settlement and Proposed Hearing Date for Court Approval (hereinafter "Notice") in the form attached to the Agreement as Exhibit D; keeping records of Class Persons who opt out of the settlement; and such other tasks as the parties mutually agree that the Claims Administrator should perform. Any claim or demand by Class Members against Yahoo! or the Claims Administrator arising out of or in connection with its or their performance of these responsibilities shall be limited to seeking, as the sole and exclusive remedy, the specific performance of these responsibilities. On or before fifty (50) calendar days after the date of this Order, the Claims Administrator shall send a copy of the Notice to all Class Persons via U.S. Mail and email ("Electronic Notice") using the addresses and email addresses in Yahoo!'s electronic records that the Class Person supplied to Yahoo! in connection with the Yahoo! Ads. The date on which the Claims Administrator first sends the Notice is referred to as the Notice Date.

No skip trace or re-mailing of returned mail shall be required. Any mailed Notices returned to the Claims Administrator as non-delivered before the Objection/Exclusion Deadline Date specified below shall be sent to the forwarding address described therein, if any. In the event the procedures in this paragraph are followed and the intended recipient still does not receive the Notice, the intended recipient shall be deemed a Class Member, but, absent the submission of a timely and valid Claim Form (as defined in the Agreement), shall not be eligible to receive a Credit (as defined in the Agreement). In addition, the Claims Administrator shall maintain a web site, which shall provide Class Persons with current information regarding the status of the approval process and a downloadable copy of the Notice.

16. <u>Objections and Appearances</u>. Only Class Members may object to the settlement as embodied in the Agreement. Class Members who wish to object to the settlement must file with the Court and serve on counsel for the Parties a

1  written statement objecting to the settlement. Such written statement must be filed
2  with the Court and served on counsel for the Parties by no later than sixty (60)
3  calendar days after the Notice Date (the "Objection/Exclusion Deadline Date").

4  No Class Member shall be entitled to be heard at the Final Approval Hearing
5  (whether individually or through separate counsel) unless written notice of the
6  Class Member's intention to appear at the Final Approval Hearing shall have been
7  filed with the Court and served on counsel for the Parties on or before the
8  Objection/Exclusion Deadline Date.

9  Any objection must contain (a) a heading which refers to the Action; (b) the
10 objector's name, address, telephone number, and Yahoo! account number(s); (c) a
11 statement indicating whether the objector intends to appear at the Final Approval
12 Hearing, either in person or through counsel, and, if through counsel, identifying
13 counsel by name, address, and phone number; and (d) a statement of the grounds
14 supporting the claim.

15 The date of the postmark on the return mailing envelope shall be the
16 exclusive means used to determine whether an objection and/or intention to appear
17 has been timely submitted. In the event that the postmark is illegible, the objection
18 and/or intention to appear shall be deemed untimely unless it is received within
19 five (5) calendar days of the Objection/Exclusion Deadline Date. Class Members
20 who fail to file and serve timely written objections in the manner specified above
21 shall be deemed to have waived any objections and shall be forever barred from
22 making any objection to the Agreement and the proposed settlement by appearing
23 at the Final Approval Hearing, appeal, collateral attack, or otherwise.

24 17.  <u>Exclusion from Class</u>.  Class Persons who wish to exclude themselves
25 from the Class must submit a written statement requesting exclusion ("Request for
26 Exclusion") from the Class on or before the Objection/Exclusion Deadline Date.
27 Such Request for Exclusion must be personally executed by the Class Person,
28

contain the full name, address, telephone number, and account number(s) of the Class Person requesting exclusion and the date(s) of the advertising campaign with Yahoo!, must be returned by registered or certified mail to the Claims Administrator at the address specified in Exhibit D to the Agreement, and must be postmarked on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. In the event that the postmark is illegible, the Request for Exclusion shall be deemed untimely unless it is received within five (5) calendar days of the Objection/Exclusion Deadline Date. Any Class Person who properly opts out will not be bound by the settlement and shall not have any right to object, appeal or comment thereon or to appear at the Final Approval Hearing. All Class Members who do not request exclusion in the manner set forth in this Order and the Notice shall be bound by any Final Judgment (as defined in the Agreement) entered pursuant to the Agreement, shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims against the Released Parties (as defined in the Agreement), and any such Class Member shall be conclusively deemed to have released any and all such Released Claims.

18. <u>Class Counsel Authorization</u>. Class Counsel are authorized to act on behalf of Class Members in such actions with respect to all acts or consents required by, or which may be given pursuant to, the Agreement or such other acts as are reasonable and necessary to consummate the proposed settlement through these approval proceedings.

19. <u>Service of Papers</u>: Yahoo! Counsel (as defined in the Agreement) and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Fairness Hearing, any further documents in support of the proposed settlement, including responses to any

1 papers filed by Class Members.

2     20. <u>Termination of Settlement</u>. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed settlement as set forth in the Agreement is not finally approved by the Court, or if the Final Judgment (as defined in the Agreement) does not become final pursuant to the terms of the Agreement; or (ii) the proposed settlement as set forth in the Agreement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In such event, and except as provided therein, the proposed settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

    21. <u>Use of Order</u>. This Order shall be of no force and effect if the proposed settlement as set forth in the Agreement does not become final and shall not be construed as a finding, determination or declaration of (i) any fault, wrongdoing or breach of duty on the part of Yahoo!, (ii) a lack of merit in the claims by Plaintiff or any Class Member, (iii) the propriety or impropriety of any relief requested in the complaints filed in the Action, (iv) a waiver or other relinquishment by any party of any claim or defense, or (v) the certifiability or non-certifiability of the class alleged in the operative complaints filed in the Action.

    22. <u>Weekends and Holidays</u>. If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next business day.

///

///

23. <u>Continuance of Hearing and Approval With Modifications.</u> The Court reserves the right to continue the Final Approval Hearing without further written notice to the Class. The Court also reserves the right to approve the Settlement Agreement with such modifications as may be agreed to by counsel for the Parties without requiring further notice to Class Members.

**IT IS SO ORDERED.**

Dated: June 28, 2006

_Christina A. Snyder_
HON. CHRISTINA A. SNYDER, U.S.D.J.