FILED
CLERK, U S DISTRICT COURT
MAR 2 6 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority  X
Send      X
Enter     X
Closed ___
JS-5/JS-6  X
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CHECKMATE STRATEGIC GROUP, INC., a Florida corporation, individually, and purportedly on behalf of all others similarly situated,

    Plaintiffs,

vs.

YAHOO! INC., a Delaware corporation, and DOES 1 THROUGH 100, Inclusive,

    Defendants.

Case No.: CV 05-4588 CAS (FMOx)

[PROPOSED] FINAL ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE

Hon. Christine A. Snyder
Dept. 32

ENTERED
CLERK, U.S DISTRICT COURT
MAR 2 7 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

A hearing having been held before this Court (the "Court") on March 26, 2007, pursuant to the Court's Preliminary Approval Order of June 28, 2006 and the subsequent Order adjourning the Final Approval Hearing of November 20, 2006 (the "Subsequent Order"), upon a Stipulation and Agreement of Settlement dated June 28, 2006 (the "Settlement Agreement"), of the above-captioned action (the "Action"), which Preliminary Approval Order and Settlement Agreement are incorporated herein by reference; it appearing that due notice of said hearing was given in accordance with the aforementioned Preliminary Approval Order and that

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

200

said notice was adequate and sufficient; and that in compliance with Section 1715 of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, notice of the Settlement was served upon the Attorney General of the United States and upon the Attorney Generals of the fifty States and the District of Columbia, and all such notices were timely and complete, and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court including the Stipulations among Yahoo! and Objectors (the "Stipulations")[1];

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1.  This Court has jurisdiction over the claims of the Settlement Class Members asserted in this proceeding and over all parties to the Action.

2.  This Court finds the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically, this Court finds that (a) the Class, as defined below, is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the

---

[1] The Stipulations are: (1) the Stipulation And [Proposed] Order Regarding Modification To, And Clarification Of, Class Action Settlement And Withdrawal Of Objections To Settlement among Checkmate, Yahoo! and objectors Draucker Development, True Communication, Inc. d/b/a Metrodate.com, Crafts By Veronica and Mika's Wedding; (2) the Stipulation And [Proposed] Order Regarding Modification To, And Clarification Of, Class Action Settlement And Withdrawal Of Objections To Settlement among Checkmate, Yahoo! and objectors Steven Helfand, Da Vinci Design Group, XM Works, Inc., Elana Levine, Darren Cohen, Scott Miller, ChaseAndSam.com, Digital Playroom, Inc., Hal Stata dba Stata Productions, Daniel Harris dba Law Office of Daniel Harrris and Craig Walenta dba Northern New Jersey Leather Co. dba Paula's Fine Leather; (3) the Stipulation And [Proposed] Order Regarding Modification To, And Clarification Of, Class Action Settlement And Withdrawal Of Objections To Settlement among Checkmate, Yahoo! and objector Paul M. Zedeck dba CommodityNews.Net dba ezconsumerdebtsolutions.com dba ezconsumdercreditsolutions.com; and (4) the Stipulation And [Proposed] Order Regarding Modification To, And Clarification Of, Class Action Settlement And Withdrawal Of Objections To Settlement among Checkmate, Yahoo! and objector Randal Ford dba Law Office of Randal Ford.

claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Action is hereby finally certified as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a class (the "Class") composed of all persons, together with any officer, employee, independent contractor, principal, or agent of same, that have purchased Yahoo! Ads (as defined in the parties' Stipulation and Settlement Agreement) from January 1, 1998, through and including July 31, 2006, regardless of where the advertisement was displayed.

4. The notice given to the Attorney General of the United States and the Attorney Generals of the fifty States and the District of Columbia satisfied the notice requirements of 28 U.S.C. §1715(b). The notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed settlement and of their opportunity to object or comment thereon; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the laws of the State of California, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law. All other forms of notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A full opportunity has been afforded to the Settlement Class Members to participate in this hearing, and all Settlement Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion are bound by this Order and Judgment, and no Class Member

1 | may refuse, pursuant to 28 U.S.C. § 1715(e)(1), to comply with or be bound by this
2 | Order and Judgment.
3 |    5.   This Court deems that the following objectors have waived any and all
4 | objections to the Settlement: (a) Draucker Development, True Communication, Inc.
5 | d/b/a Metrodate.com, Crafts By Veronica and Mika's Wedding; (b) Steven Helfand,
6 | Da Vinci Design Group, XM Works, Inc., Elana Levine, Darren Cohen, Scott Miller,
7 | ChaseAndSam.com, Digital Playroom, Inc., Hal Stata dba Stata Productions, Daniel
8 | Harris dba Law Office of Daniel Harrris and Craig Walenta dba Northern New Jersey
9 | Leather Co. dba Paula's Fine Leather; (c) Paul M. Zedeck dba CommodityNews.Net
10 | dba ezconsumerdebtsolutions.com dba ezconsumdercreditsolutions.com; and (d)
11 | Randal Ford dba Law Office of Randal Ford. The foregoing includes objector Da
12 | Vinci Design Group and XM Works, Inc.'s written settlement agreement in which
13 | they agreed to withdraw any and all objections to the Settlement including, *inter alia*,
14 | the objection to the reasonableness of Class Counsel's attorneys' fees and costs.
15 |    6.   In accordance with Federal Rule of Civil Procedure 23(e), the Court
16 | finds that the Settlement has been entered into in good faith and is approved as fair,
17 | reasonable, and adequate, and in the best interests of the Settlement Class and hereby
18 | grants final approval to the Settlement, subject to the modifications and clarifications
19 | set forth in the Court's orders approving the Stipulations. The Court has considered
20 | and denied all objections filed in this action other than those for which the Settlement
21 | has been modified pursuant to the Stipulations. Accordingly, the Court hereby directs
22 | that, subject to the modifications and clarifications set forth in the Court's orders
23 | approving the Stipulations, the Settlement shall be effected in accordance with the
24 | terms of the Agreement (all of which terms are adopted and incorporated herein by
25 | reference).
26 |    7.   With this final approval of the Settlement, subject to the modifications
27 | and clarifications set forth in the Court's orders approving the Stipulations, it is
28 | hereby ordered that the Releases shall have full force and effect. Consequently, upon

entry of this Order and Judgment, each Settlement Class Member and the successors and assigns of any of them shall be deemed to have fully released, waived, relinquished, and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against the Released Parties, of any of them, subject to the modifications and clarifications set forth in the Court's orders approving the Stipulations.

8. This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend, with each party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein), and all members of the Settlement Class and the successors and assigns of any of them who did not timely and properly execute and submit a Request for Exclusion shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigating, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims except claims relating to the enforcement of the Settlement of the Action (the "Settled Claims"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against Defendants on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Within 30 days after the filing of this Final Order, any and all documentation (exclusive of documents filed with the Court) provided by Yahoo! to Checkmate, Class Counsel, all other counsel of record in the Action for Checkmate, Class Counsel's experts, or anyone else employed by Class Counsel, and all copies thereof, shall be promptly returned to Yahoo! upon written demand by Yahoo!.

10. The Settlement and all Orders issued in connection with its approval, as well as any act performed or document executed pursuant to the Settlement shall not be considered admissions of liability or fault by Yahoo! or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Yahoo!. The

1  Agreement and Settlement are not any concession by the parties and, to the extent
2  permitted by law, neither this Final Order nor the Agreement or Settlement shall be
3  used as evidence of any admission of any fault or omission by Yahoo! or any other
4  person. Neither this Final Order nor the Agreement, nor the terms and provisions of
5  the Settlement, nor any of the negotiations or proceedings connected with it, shall be
6  offered or received in evidence in any pending or future arbitration, civil, criminal, or
7  administrative action or proceeding, other than such proceedings which may be
8  necessary to consummate or enforce the Agreement; however, Yahoo! may use the
9  Agreement or the exhibits thereto, and/or any related document, in any action that
10 may be brought against it in order to support a defense or counterclaim based on
11 principles of res judicata, collateral estoppel, release, good faith settlement, judgment
12 bar or reduction, or any other theory of claim preclusion or issue preclusion.

13    11.   The Court finds that all Parties and their counsel have complied with
14 Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15    12.   Class Counsel is hereby awarded attorneys' fees in the amount of
16 $4,950,000.00, which sum the Court finds to be fair and reasonable, and are awarded
17 the reimbursement of expenses in the amount of $25,000.00, and which sums shall be
18 paid to Class Counsel in accordance with the terms of the Stipulation.

19    13.   The Plaintiff Checkmate Strategic Group, Inc. is authorized to receive
20 $15,000 to compensate it for its contributions to the case, the risks they took and
21 time and effort they expended in initiating and prosecuting these actions, and which
22 shall be deducted from the amount to be paid to Class Counsel.

23    14.   Without affecting the finality of this Judgment, this Court shall retain
24 exclusive and continuing jurisdiction over this action and the parties, including all
25 Settlement Class Members, for purposes of supervising, administering, implementing,
26 enforcing, and interpreting the Settlement, and the claims process thereunder,
27 including hearing and determining any application by any party to the Agreement for
28 a settlement bar order.

14. Without affecting the finality of this Judgment, this Court shall retain exclusive and continuing jurisdiction over this action and the parties, including all Settlement Class Members, for purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement, and the claims process thereunder, including hearing and determining any application by any party to the Agreement for a settlement bar order.

IT IS SO ORDERED.

Dated: 3/26/07

*Christina A. Snyder*
The Honorable Christine A. Snyder
UNITED STATES DISTRICT COURT JUDGE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 S. Grand Avenue, 39th Floor, Los Angeles, California 90071.

On **March 26, 2007**, I served the foregoing documents on the interested parties in this action: **See Attached Service List**

**[PROPOSED] FINAL ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE**

[X] **VIA U.S. MAIL** - I deposited such envelop(s) with the United States Postal Service, enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepared, in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

[] **EMAIL**

[X] **(FEDERAL)** – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 26, 2007** at Los Angeles, California.

_____
IRMA DELEON

# SERVICE LIST

Larry W. McFarland, Esq.
Dennis Wilson, Esq.
Emil W. Herich, Esq.
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90212
Tel: (310) 248-3830
Fax: (310) 860-0363
E-Mails:   lmcfarland@mwlaw.com
           dwilson@kmwlaw.com
           eherich@kmwlaw.com

Roy Jacobs, Esq.
ROY JACOBS & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, NY 10165
Fax: (212) 504-8343
Classattorney@Pipeline.Com

David B. Owen, Esq.
NEMECEK & COLE
15260 Ventura Blvd., Suite 920
Sherman Oaks, CA 91403
Fax: (818) 501-0328
dowen@nemecek-cole.com

Darren T. Kaplan, Esq.
CHITWOOD HARLEY HARNES
2300 Promenade II
1230 Peachtree Street, Northeast
Atlanta, Georgia 30309
E-Mail:    dkaplan@chitwoodlaw.com

Shawn Khorrami, Esq.
SHAWN KHORRAMI LAW OFFICES
14450 Haynes Street, 3rd Floor
Van Nuys, California 91411
E-Mail:    skhorami@khorrami.com

| # | |
|---|---|
| 1 | Randal S. Ford |
|   | P.O. Box 20468 |
| 2 | Tuscaloosa, Alabama 95402 |
|   | attorney@randalsford.com |
| 3 | |
| 4 | Craig J. Walenta |
|   | 17 Mountain View Ct. |
| 5 | Riverdale, NJ 07457 |
| 6 | |
|   | Donald Ernst |
| 7 | P.O. Box 1667 |
|   | Tybee Island, GA 31328 |
| 8 | Tybeetime.com |
| 9 | |
|   | Daniel Harris |
| 10 | The Law Offices of Daniel Harris |
|   | 150 N. Wacker Dr. |
| 11 | Suite 3000 |
| 12 | Chicago, IL 60606 |
| 13 | J. Garrett Kendrick, Esq. |
|   | Kendrick & Nutley |
| 14 | 1055 E. Colorado Blvd. |
| 15 | 5th Floor |
|   | Pasadena, CA 91106 |
| 16 | |
| 17 | Steven L. Miller, Esq. |
|   | Law Offices of Steven L. Miller |
| 18 | 16133 Ventura Blvd. |
|   | Suite 1200 |
| 19 | Encino, CA 91436 |
| 20 | |
|   | Michael J. Boni, Esq. |
| 21 | Kohn Swift & Graf |
| 22 | One South Broad St. |
|   | Suite 2100 |
| 23 | Philadelphia, PA 19107 |
| 24 | mboni@kohnswift.com |
| 25 | Charles M. Thompson |
|   | 5625 Canongate Lane |
| 26 | Birmingham, AL 32542 |
| 27 | cmtlaw@aol.com |
| 28 | |

Kabateck Brown Kellner
350 S. Grand Avenue, 39th Floor
Los Angeles, California 90071
(213) 217-5000
FAX (213) 217-5010

R. Stephen Griffs
2100 Riverhaven Dr.
Suite 1
Hoover, AL 35244

Chris Bandas, Esq.
Bandas Law Firm
500 N. Skoreline
Suite 1020
Corpus Christi, TX 78471

Frank Liuzzi
Liuzzi, Murphy & Solomon
101 Montgomery St.
27th Floor
San Francisco, CA 94104
frank@lmslaw.com

John W. Davis, Esq.
Law Offices of John W. Davis
4445 Eastgate Mall, 2nd Floor
San Diego, CA 92121

Hal Stata
Stata Productions
2220 Superior
Suite 3
Cleveland, OH 44113
Hal@stataproductions.com

Paul R. Kiesel, Esq.
Kiesel Boucher Larson LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211

Michael D. Donovan, Esq.
Donovan Searless, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103

Benjamin G. Edelman
27A Linnaean Street
Cambridge, MA 02138

— 4 —
Proof of Service

1  Jonathan Shub, Esq.
2  Sheller, Ludwig & Badey, P.C.
   1528 Walnut Street, 3rd Floor
3  Philadelphia, PA 19102

4
   Oren Giskan, Esq.
5  Giskan & Solotaroff
   207 W. 25th, 4th Floor
6  New York, New York 10001

7
   Marc Edelson, Esq.
8  Edelson & Associates
   45 West Court Street
9  Doylestown, PA 18901

10
   Alan M. Feldman, Esq.
11 Thomas More Marrone, Esq.
12 Feldman, Shepherd, Wohlgelernter & Tanner
   1845 Walnut Street
13 25th Floor
   Philadelphia, PA 19103
14

15 Lisa J. Rodriguez, Esq.
   Donna Siegel Moffa, Esq.
16 Trujillo Rodriguez & Richards, LLC
   8 Kings Highway West
17 Haddonfield, NJ 08033

18
19 Mr. Stace Tackaberry
   Cowboy Tack Properties
20 P.O. Box 727
   Breckenridge, Colorado 80424
21

22 David Schaefer
   Lakeland Enterprises
23 710 Topaz Ct.
   Seneca, SC 29672
24

25 Dr. Irvin N. Gleim
   Gleim Publications, Inc.
26 P.O. Box 12848
27 University Station
   Gainseville, FL 32604
28

1  John J. Dorsey, Jr. Esq.
   Assistant General Counsel
2  Language Services Associates, Inc.
   607 N. Easton Road, Bldg. C
3  Willow Grove, PA 19090

4
   Robert L. Rod, Ph.D, PE
5  EnviroMan, Inc.
   P.O. Box 740145
6  Boynton Beach, FL 33474-0145

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kabateck Brown Kellner
350 S. Grand Avenue, 39th Floor
Los Angeles, California 90071
(213) 217-5000
FAX (213) 217-5010

— 6 —
Proof of Service